ILLINOIS CENTRAL RAILROAD COMPANY

v.

FRANCES TAYLOR.

*Railroads — Negligence—Personal Injuries Received in Stepping from Train—Too Brief Stop—Negligence of Conductor.*

In an action brought to recover from a railroad company damages for a personal injury received while alighting from defendant's train, *held,* that the evidence justified the verdict for the plaintiff.

[Opinion filed April 11, 1892.]

APPEAL from the Circuit Court of Champaign County; the Hon. F. M. WRIGHT, Judge, presiding.

Mr. J. S. WOLFE, for appellant.

Mr. THOMAS J. SMITH, for appellee.

MR. JUSTICE WALL.   The appellee recovered a judgment

for $800 for injuries sustained in getting off the train of appellant. It is shown with sufficient certainty that she was so injured, and it is not complained that the damages awarded are excessive.

The plaintiff and her husband entered the train at Bondville to go to Champaign. At the latter point there are two stations where the train stops and where passengers may get off, one at the junction with the I. B. & W., known as the Big Four Depot, and the other in front of the Doane House, about a half mile further on. The plaintiff wished to alight at the first station, and when the train stopped there she and her husband got up to go out. He was in advance and had stepped off the car and she was on the lower step and about to alight when the train suddenly started forward, and she in attempting to thus get off was thrown down and received the injury complained of. This is the statement given by herself and husband, and, as they say, they started to leave the car as soon as it stopped. They were seated near the door and were not detained by other passengers being in their way. They are corroborated by the witnesses Ruel and Stell as to promptness of their action in starting out. It appears from the testimony of these witnesses that they and other passengers who were intending to get out there had not time to do so and waited until the train stopped again a short distance beyond the station platform, where they then alighted. The conductor corroborates this by his testimony, for he found it necessary to make a second stop (after he had signaled to start) in order to let off those other passengers. The conductor says the first stop was two or three minutes in duration. The plaintiff and her husband say it might have been a minute and a half or two minutes; and there is expert testimony to show that from one to two minutes was long enough. If the plaintiff and her husband were as prompt as they say they were and as other witnesses say they were, it is probable the stop was considerably less than one minute. It is a matter of frequent observation that very few persons realize how long a minute is when the term is used in reference to a

transaction like that of getting on or off a train.   Most witnesses have a very inaccurate idea in that respect, and their testimony is to be judged by what actually occurred rather than by their estimate of the time occupied.   The fact that a number of other persons who were intending to get off were unable to reach even the car platform is a very persuasive circumstance in support of the claim that the stop was unreasonably short.   That they were so unable and that the train had to be stopped the second time for their accommodation makes it quite probable that the plaintiff was prompt enough, and that it would have been fortunate if she had been less so.   She was a large, fleshy person, about sixty-four years of age and appears to have been quite timid.   She asked her husband to take her hand as she was about stepping off, and was afraid of falling.   It is difficult to understand from the evidence whether this fear was aroused before the train started or not.   He did take her hand, or perhaps both hands, and it is claimed that in this there was negligence on her part as well as his, and that in a general way she was negligent in attempting to alight after the train moved forward.   We think it is not clear that after the train moved she made the effort to step off but it is reasonably clear that she was at least about to step off when it so started.   We can not agree with counsel that in the use of ordinary care she would necessarily have stayed where she was and waited for another stop.   Her position was not free from peril, in view of her age and physical condition and was one calculated to excite apprehension in persons of more experience.   It can not be said that if the train started before she actually made the step, but when she was about to do so, she was wanting in ordinary care. She did what most persons would have done under the circumstances.

After carefully reading the evidence we are impressed with the view that there is enough in it to justify the jury in concluding that the plaintiff was prompt enough in moving out of the car, that the stop was unreasonably brief, and that the conductor was not sufficiently careful in ascer-

taining whether all the passengers were out. He admits that he saw these other passengers standing in the aisle, but supposed they were intending to get off at the other station. The train was behind time and this may have occasioned unusual haste on his part in giving the signal to start. We think the case is very unlike a number of cases cited by counsel for appellant, and that there is very little room for disagreeing with the conclusion reached by the jury if they gave credit to the statement of facts as contained in the testimony offered on behalf of the plaintiff. The conflict in the evidence produced by the testimony offered by defendant was mainly, if not entirely, when properly weighed, as to the length of the stop, and this depended chiefly upon the estimates of witnesses rather than upon what occurred.

As to instructions, we think no substantial error appears. The defendant obtained very full and pointed instructions on all the material features of the case, and the modifications complained of, even if unnecessary, could not have misled the jury. The instructions given for plaintiff are not fairly subject to criticism in any important respect.

On the whole, we think the jury were advised as to the law with sufficient clearness and accuracy.

The judgment will be affirmed.

*Judgment affirmed.*